The next argument we will hear this morning is American Backflow against the National Labor Relations Board errored in issuing its order finding that American Backflow breached a settlement agreement with the union without holding a hearing or a trial to develop the record. I must say, counsel, I don't understand the nature of your argument. Is it that there was no hearing and therefore no record, or is it that given the absence of a record, the board could not properly find a violation of the settlement? That's a very good question I'm not asking whether it's a good question. I'm asking which of these two is your argument. Well, I don't think they're an opposite. I think they can both be true. But which have you made? Your brief just over and over intones lack of due process, which makes it sound like you're complaining that the board failed to create a record, rather than a complaint that the record, as not created, doesn't support the board's remedy. I believe our argument was that the board didn't create a record, but you're bringing up a good point. We should have argued for that. Right, but not creating a record. I don't see how not creating a record can violate the Constitution, and that's what a due process argument is. If the board didn't create a record, then we have to assess what happens on the absence of a record. Right. But that doesn't seem to be what your brief is arguing. Well, that's... I hope you can see why I'm perplexed. I understand, Your Honor. Certainly, the crux of our argument is that without a record, the board couldn't have issued a ruling that there was a breach, because a contract, which the settlement agreement is a contract, is a factual determination, and how could you find that there was a... No, not necessarily. The facts can be undisputed. It is undisputed when the certification year ended. That's January 24, 2023, and it's undisputed that the employer withdrew recognition in March 2023. Now, if those two facts are enough to show a violation of the It's like saying the district judge granted summary judgment and therefore violated the due process clause. No, it's not a constitutional argument. It's an argument that the facts of record don't support the decision. That's correct. But you're making a constitutional argument rather than one about the facts of record. The board... I hope the board can see what my question is going to be, which is how the two undisputed facts support its remedy. How is it that I should understand your brief to be making a substantive argument? Substantively, Your Honor, your correct our brief was not sufficient, but at oral argument, I will say that... At oral argument, it's too late to fix a defective brief. I will say that in our brief, we said that, and in the respondent's brief, they said the... If the withdrawal of recognition came after the certification year, then it can only be... The settlement agreement specifies January 24, 2023 as the end of the certification year. Right? And it is apparently agreed that recognition was withdrawn two months later. That's correct. And they say that the MARJAC standard says that you can only withdraw recognition after the certification year ends, if there are no un-remedied unfair labor practices that tended to disaffect the employees. And, you know, if we look at the Master Slack standard, there was a four-factor test there. Look, I'm trying to figure out whether the board acted with substantial evidence in saying that there was a violation of the settlement agreement, not the MARJAC standard, not something else. If the board thought there was a violation of some other doctrine, it was free to make that charge. But as things stand here, the board found a violation of the settlement agreement. So I'm trying to figure out where's the violation of the settlement agreement. But your brief doesn't discuss that, nor does the board's. This was the subject of the dissent before the board, which both sides seem to have ignored. Right, Your Honor. I believe the breach would have... The motion that alleged the breach said that the withdrawal was improper and illegal, but the settlement agreement basically doesn't get into a lot of that. It's an unfair labor practice for withdrawal of certification. And there was a charge filed, if you look at the dissent, there was a charge filed about the withdrawal of recognition, but that never made it to the board because they moved on this motion based on the breach of the settlement agreement without any procedural rubric to actually do so. What standard were they applying? And I think American Backflow believed they were applying the default judgment process in FRCP 55, Rule 55, and in that they had to deny the charges in the motion. They requested a hearing, and there would be a hearing to determine whether there was an actual breach of the settlement agreement, facts for which the board could then make a ruling or an order. There was no such thing in this case. There's some argument about whether no hearing is required because this would have been summary judgment, but this wasn't a summary judgment. It was summary judgment. There was no hearing offered. The question I've been asking you, and which I will ask Mr. Heller, is whether the facts of record support what amounts to summary judgment. Well, we don't believe they do because there's nothing in the settlement agreement. Yeah, but look, there being nothing there doesn't violate the due process clause, right? As I said, if a district court grants summary judgment without adequate evidence in the record, the problem is substantive, not a violation of the Constitution, and I can't see a substantive argument in your brief. I just hope you see what my problem is. I see what your problem is, Your Honor. We did point out that they couldn't have reached a conclusion based on lack of facts in the record. We did point that out in the brief. We talked about how there was no, in the motion itself, there was no affidavits, no facts that were presented to support the motion, and certainly that's the basis of our argument. Now, for a remedy, we ask that you either deny enforcement of the order or remand the case to have proceedings on a hearing, actually, on whether the agreement was breached. The Board says that, and I'm curious about your reaction to this, the Board says two things. One is that, based upon how it has interpreted its procedural requirements in the past, that what it calls a bald denial of the allegations in the Board proceedings is not sufficient to raise a question of fact, right? And they cite Alaris and Williamsburg, and certainly the Board seems, you know, they're entitled to have some deference to kind of interpreting their own procedures. That's kind of one thing. The other thing the Board raises is that the Board says that your client never raised these arguments before the Board about the fact that it's entitled to a hearing or, you know, due process or otherwise, and that we're kind of precluded from addressing those issues based upon 29 U.S.C. Section 160B. And so I was wondering if you could address those two arguments, please. I'll address the second part first. Clearly, American Backflow asked for a hearing in their response to the motion, the motion for default. It was the very last thing that they said was we deny that we breached the settlement agreement and we ask for a hearing before an administrative law judge, which is a typical procedure to develop a factual record. And so that issue was raised with the Board. It was ignored. I'm sorry, your first piece was the first part of your question again? It was about the Board, its interpretation of its own procedures based upon the prior cases, yes. In the Alaris case, we aren't saying that the Board always has to have a hearing if there's a factual record, and it's clear that there is a factual record. In the Alaris case, the region actually in their motion listed the very specific defects and they provided attachments of what they were complaining about was the breach, and the respondent didn't dispute it. Of course, Alaris was never appealed, so we don't have any case law saying that that was proper either. In this case, and I have the appendix on page 27, there's the letter by American Backflow, which was included in the motion. And in the letter, American Backflow makes its case of why it didn't breach the settlement agreement, why withdrawal of recognition was proper. And it doesn't mention petitions, yet the Board says, well, it was not a proper withdrawal of recognition because there were these petitions. The American Backflow says they had letters, and that's why they asked for a trial or to develop a factual record to make their case before the Board. There weren't any allegations in the motion, specific facts that they could deny. There weren't undisputed facts on the record, and therefore there was no way that the Board should have issued this ruling. And I'll reserve the rest of my time for rebuttal. Certainly, counsel. Mr. Heller. Good morning, Your Honors. May it please the Court. American Backflow entered into a settlement agreement where it promised to bargain with its employees' union. It thereafter refused to bargain with that union. This was a straightforward breach of the settlement agreement, and under the agreement's terms— Now, that argument, which tracks the one in your brief, sounds like an argument that after this settlement agreement, American Backflow was bound to negotiate with its union until the end of time, even if not a single employee supported the union, that it could never withdraw recognition. Is that really what the Board is arguing? No. No. So, it could withdraw recognition when that was otherwise justified, right? Under Board law, correct. Now, what in the settlement agreement determines when American Backflow can withdraw recognition? Right. So, the settlement agreement is read in light of background law on the duty to bargain. What in the settlement agreement? The settlement agreement is American Backflow's promises to the Board. Is there anything in the settlement agreement, right? I hope you can see what my problem is. If the Board had said, as apparently a charge, a general counsel charge did, that recognition had been withdrawn improperly, there presumably would be a hearing. I don't see how the existence of the settlement agreement can short-circuit the need for a hearing on whether the withdrawal of recognition comported with background principles extrinsic to the settlement agreement. They are extrinsic to the settlement agreement. The settlement agreement talks in terms of that the requirement is to bargain in good faith with the union, and that has a meaning in Board law, and part of that is you bargain, putting aside the certification, because with its presumptions that's a burden. It's past the certification. Right, so putting that aside. If the employer has objective evidence that the union lacks majority support among the represented employees, it may withdraw recognition at that point. That is settled law under the Board and this circuit's precedent. And so that is the background principle that is underlying the American Backflow's obligation under the settlement. So it's undisputed they withdrew recognition. So then the question is… The settlement agreement, I take it, neither adds to nor subtracts from that background principle. That is correct. So why isn't the proper way to proceed to charge American Backflow with an unlawful withdrawal of recognition and then hold a hearing? Because the question in this case is not whether the withdrawal of recognition itself was an unfair labor practice. It's whether it constituted a breach of the settlement agreement. And so that is the process the parties agreed to when entering into a settlement. What in the settlement agreement agrees to a departure from the Board's normal process of charge and dispute resolution about this question? When there is a breach, the discussion of what happens when there is a breach of the settlement agreement. The Board's view is that when there is an allegation of breach of the settlement agreement, it doesn't need to find any facts at all. The argument you are now making, which I think is different from the argument in your brief, is that there is some invisible ink in the settlement that labor law cognoscente know about but we mere judges don't know about and can't expect to read. I have this strange view that the terms of the settlement agreement are those things that are written down. So I guess one point is that neither party is disputing that this background principle is incorporated within the duty to bargain. How is it incorporated into the settlement agreement as opposed to being something that is simply a rule of labor law? There is a principle that settlement agreements as other contracts are read as consistent with and conforming to existing foreign law. Look, I'm perfectly willing to agree that the settlement agreement has to be read as consistent with background law. But what is it that incorporates every jot and tittle of background law into the settlement agreement as opposed to saying if the Board thinks that there's been an unlawful withdrawal of recognition after the end of the certification year, then per background law, the Board has to allege and prove that. So there's still a question of whether it has to prove there has been a breach of the settlement agreement. And there was an allegation that there had... No, I'm not asking about a breach of the settlement agreement. Okay. Since you have agreed that the settlement agreement does not specify what happens after January 24th, right after the end of the certification year. The question is how does the Board show that the employer has violated its duty to maintain recognition of the union after the certification year? I don't see anything in the settlement agreement that speaks to that. And you haven't made anything other than an invisible ink argument. Right? So we're back at background principles. I don't have any dispute with background principles. The question is how the Board has to proceed if it wants to rely on background principles. Right. And so the parties agreed to the process by which a breach... that this is the process by which a breach of the settlement agreement will be found, or the implications of the breach of the settlement agreement, that they will receive notice that they are in noncompliance, that the General Counsel can file a motion for default judgment, which they did. The Board issued a notice to show cause. American Backflow responded to the notice to show cause, and in its response presented nothing other than this general denial that its withdrawal had been unlawful. It was incumbent upon American Backflow at that point. Well, yeah, I know. Lawyers love to play burden-shifting games. American Backflow plays that game on page 6 of its reply brief when it refers to what it says is evidence it tendered to the Board, which the Board ignored. Now, of course, that's a reply brief, so you didn't have a chance to respond, but here's your chance. Right. So maybe what you're talking about is when they're talking about letters in the reply brief? That's what they talk about. Right, and so that was not brought up in any filing before the Board. That is brought up in the reply brief in this court. They don't talk about... Their reply brief asserts, maybe wrongly, that these things were filed with the Board. That is not correct. That may be wrong. That's why I was sure to bring this question up to give you the chance to address it. Right. Yes, that was the letter that they were referring to was a letter that American Backflow sent to the union when it was withdrawing recognition. That letter was never filed with the Board. Never filed with the Board. That's correct. Now... We'll check the administrative record and see. I just want to make... Because I don't want to look foolish after the fact. It was an exhibit to the General Counsel's motion for default judgment. So, yes. So it was in the administrative record. I didn't say it wasn't in the administrative record. I said American Backflow did not present it to the Board. It's in the administrative record. The reason why I am making that distinction is because American Backflow did not argue to the Board that the reason we withdrew recognition is because we had these letters when it was in response to the General Counsel's motion for default judgment where she specifically said there is no genuine issue. So the argument is not that the letters are not in the record, but that American Backflow never relied on them in its arguments to the Board. Yes, with one clarification. Okay. The letter to the Union... Sorry. The letter American Backflow sent to the Union withdrawing recognition and making reference to letters that it had received, that is in the record. The letters itself, the letters that they referred to, are not in the record. They were never presented to... They're not in the record. So I don't know who they were presented to. They were not presented to the Board. So there is not the actual evidence that they are now saying that they relied on. But that's not even really the entire point here because it's not only that they didn't present evidence showing that they lawfully withdrew recognition. It's that they didn't even claim to have that evidence, and that's why the Board didn't hold a hearing. You mean they didn't claim to have that evidence or they didn't rely upon that evidence, as Judge Easterbrook noted, in their defense of the complaint before the Board. Is that correct? Correct, yes. In response to the notice to show cause, a wide default judgment should not be granted. They did not say that they were relying on some letters. They expressly disclaimed any reliance on decertification petitions. Other than that, they did not say anything about what they were relying on. And in that instance, Judge Lee, as you were talking about the Board's procedures, the Board takes these general denials as insufficient to warrant a hearing. In that instance, it's... provided for in the settlement agreement. There are other instances in which the Board does not hold a hearing. We go over those in our brief, so it's certainly not the case that due process requires a hearing. In all contexts, and it didn't require a hearing here, due to the lack of anything to hear for that, to put it colloquially, the American Backflow was on notice that it needed to come forward with some kind of evidence or at least some kind of explanation for why it withdrew recognition. In the General Counsel's motion for default judgment, she specifically said that American Backflow has admitted it did not bargain with the union in good faith, leaving no genuine issue of material fact that would warrant a hearing. At that point, it was incumbent upon American Backflow to come forward with some reason to... with something to rebut that if they wanted a hearing. It didn't. The American Backflow knew what the consequences of a default judgment would be, and it was incumbent upon it at that point, if it had a defense. Judge, you were talking about, well, maybe they should have had a chance in a regular unfair labor practice hearing to bring this up. If they had a defense, they should have brought it up then in response to the notice of show cause in order to avoid a breach finding. And just one last point of clarification. The board's breach finding means that the unfair labor practices American Backflow is liable for are the previously settled violations. It is not that the withdrawal of recognition in March 2023 is itself an unfair labor practice. It's these previously filed unfair labor practices... sorry, previously settled allegations are the basis for American Backflow's liability per the settlement agreement. Unless there are further questions, I will take my leave and ask to enforce the board's decision. Thank you, Mr. Heller. Mr. Swoboda, anything further? Your Honor, just that... when... when we talk about whether there was a breach and what evidence American Backflow had that there was no breach, first, I think, I mean, we talk about burden shifting. The burden was on the region in their motion to say how there was a breach. And... I want to get past lawyers' arguments about burden shifting. Mr. Heller said that American Backflow did not put in the administrative record any evidence that the union had lost majority support. Is that statement correct? We believe that the... that the evidence was not put in the record, but it was... you know, that the union was in possession of it. So the answer is correct. There is no such evidence in the administrative record. Right. American Backflow said that... that they had these letters. Presumably, they expected that... And did not put them in the administrative record. They expected that they would have... We just need to know what the facts are, and then we can figure out what the law is. They expected that they would have a hearing to be able to present that evidence, to also present testimony. I've already made analogies to the summary judgment stage in litigation. We tend to call it, the summary judgment, the put-up or shut-up stage of litigation. And if you don't put up evidence, it's very hard to complain about its absence. Well, American Backflow didn't understand that they were in a summary judgment proceeding. They specifically asked to develop the record. They were denied that opportunity. There wasn't facts in summary judgment. They could have filed an affidavit attaching all these letters. They could have, but again, they were... My question, just listen to the question. How were they denied an opportunity to do that? Did the board ever say, we won't receive any evidence from you? In the notice to show cause, it said that no further responses would be allowed. That was the only piece that we would point to. We don't believe that there was evidence in the record. We believe the board erred in issuing the order without it, and we ask that the order of the board be denied and not enforced. Thank you, counsel. The case is taken under advisement.